# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# _____ DIVISION

Kevin Steverson
Plaintiff

v.

Hilton Reservations Worldwide
Defendant

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL - 6 2004
CLERK, U.S. DISTRICT COURT
By _____ Deputy

Civil Action No:

304CV1442-R

## COMPLAINT

I feel I was discharged from Hilton Reservations Worldwide, in Carrollton, Texas, because of my race, being black, in violation of Title VII of the Civil Rights Act of 1964, disability, Bipolar, in violations of the Americans with Disabilities Act, as amended, and in Retaliation, for filing and internal Complaint with Hilton, external with the EEOC.

I have a Prima facie basis for my suit. Susan Keller, white female was demoted for being publicly disruptive and for receiving many complaints. She was not discharged or terminated.

Dated, this 2 day of July, 2004

Signature: Kevin H Steverson

Print Name: Kevin Steverson

Address: 2600 Tealwood Dr #323
OKC, OK 73120

Telephone: (405)748-3105 or (214)336-9839

History from 06-01-2004 to 06-30-2004     Printer-Friendly Version
Click here to view First USA account information.
**BEYOND FREE 13**   Account Info     How do I sort?

| Date | Check # | Transaction / Description | Amount | Balance |
|---|---|---|---|---|
| 06-11-2004 | | FEE / CHECK# 4112 $ 25.00 PAID BY COURTESY PAY $35.00 | -35.00 | -121.03 |
| 06-11-2004 | 4112 | SH DRAFT | -25.00 | -86.03 |
| 06-11-2004 | | DEPOSIT / ATM 0611 1324 184451 13801 N. Pennsylvania Oklahoma CityOk | 70.00 | -61.03 |
| 06-08-2004 | | FEE / CHECK# 4110 $ 322.67 PAID BY COURTESY PAY $35.00 | -35.00 | -131.03 |
| 06-08-2004 | 4110 | SH DRAFT | -322.67 | -96.03 |
| 06-08-2004 | | WITHDRAW / NATIONWIDE INS PREM | -230.50 | 226.64 |
| 06-07-2004 | 4108 | SH DRAFT | -25.00 | 457.14 |
| 06-07-2004 | | PURCHASE / 06-08-04 7 ELEVEN 61 00000612 OKLAHOMA CITYOK auth# 662340456 | -15.00 | 482.14 |
| 06-07-2004 | | WITHDRAW / OG&E CHOICEPAY 040604 | -29.00 | 497.14 |
| 06-07-2004 | | WITHDRAW / 1-800-527-9027 SBL LIFE 040602 | -27.00 | 526.14 |
| 06-07-2004 | | WITHDRAW / AMERICAN EXPRESSELEC REMIT | -40.00 | 553.14 |
| 06-07-2004 | | WITHDRAW / POS 0606 1938 064375 12240 N MAY AVE OKLAHOMA CITYOK | -2.96 | 593.14 |
| 06-06-2004 | | PURCHASE / 06-07-04 KINKO'S #4208 OKLAHOMA CITYOK auth# 854065854 | -2.17 | 596.10 |
| 06-05-2004 | | WITHDRAW / POS 0605 0957 527682 13501 N. MAC ARTHUR OKLAHOMA CIT OK | -4.54 | 598.27 |
| 06-04-2004 | | FEE / ATM 0604 1843 005780 4626 NW 39TH OKLAHOMA CITYOK OFFSITE ATM/POS PURCHASE FEE $1.25 | -1.25 | 602.81 |
| 06-04-2004 | | WITHDRAW / ATM 0604 1843 005780 4626 NW 39TH OKLAHOMA CITYOK | -31.00 | 604.06 |
| 06-04-2004 | 4109 | SH DRAFT | -544.00 | 635.06 |
| 06-04-2004 | | WITHDRAW / ATM 0604 1252 073546 13801 N. Pennsylvania Oklahoma CityOk | -20.00 | 1,179.06 |
| 06-04-2004 | | DEPOSIT / ATM 0604 1251 072672 13801 N. Pennsylvania Oklahoma CityOk | 165.33 | 1,199.06 |
| 06-03-2004 | 4110 | SH DRAFT | -40.00 | 1,033.73 |

<u>**Kevin H. Steverson**</u>
<u>**P O BOX 550631, Dallas, Texas, 75355  214 693 5261**</u>

July 14, 2003

Linda Alexander, Director of Reservation Sales
Hilton Reservations Worldwide
2050 Chennault Dr.
Carrollton, Texas 75006

RE: FINAL WARNING/WRITTEN REPRIMAND

Attn: Ms. Alexander

I am pleased to know that you are willing to further investigate this matter regarding my written reprimand given on June 30, 2003, by Brian Thomasson, Human Resources Director. As you are aware, there are two sides to every story. Here is what I am disputing:

On June 11, 2003, Anita Leone, executive secretary called Rick, head of security, while I was in a conversation with Carl Pollock, Director of US Operations. Both Carl and I were talking in front of Anita's office. I was not screaming or yelling. I was right across from Brian Thomason's office and near many other cubicles. **<u>What I was not aware of is that Sam Perry, company President/CEO, was in a cubicle on the other side of Anita Leon. He was involved in an important conference call with corporate in Beverly Hills, Ca.</u>** Because it was apparent each person in the nearby cubicle could easily hear each other's conversations, it did not surprise me that my conversation with Carl Pollock could also be heard. I was not yelling or screaming in a threatening manner. My behavior was not even threatening. I was in the human resources area to file a harassment/discrimination complaint against Carl Pollock. Carl followed me around the whole building asking who I was, yet never revealed he was a director over OPERATIONS. The fact that security was called resulted in my being UNFAIRLY and severely reprimanded.

**Fact:**

Anita approached me around 12:00pm noon on June 11, 2003, while I was eating my lunch in the break room near the microwaves and refrigerators. I had my back turned to her and I was talking on my cellular phone. Anita approached me from behind and patted me on my shoulder. Anita said: "**Kevin this situation was not about you; Sam(Perry) was on a corporate call with Corporate in Beverly Hills and he could hear the conversation between you and Carl (Pollock). I panicked and called security in order the diffuse the situation**" She then walked off. I felt as if it was her way of apologizing to me for calling security(Rick) on me just to get Carl and I to stop talking. There was not need to call security when the situation does not warrant it! I was just simply talking with Carl and in disagreement with his actions. Ironically, Carl Pollock was not affected by this, only me. I was put on a FINAL NOTICE.

I feel the other parties involved, Rick, & Rosie Fasel exaggerated what they believed to have happened later. They claimed I was irate and out of control, so to speak. They also said I was disrespectful. I admit I was surprised and a little frustrated because the security was called when it was not necessary. I did not raise my voice or threaten anyone.

**Conflict of interest:**

All employees, such as Brian Thomason, Rosie Fasel, Anita Leon Rick Rowan & Carl Pollock are all corporate employees. I work for HRW. THERE IS A CONFLICT OF INTEREST HERE. All parties involved in investigating and giving opinions in this matter, namely Human Resources, are all under the COPORATE sector of the company. I feel that when one is accused of being rude or disrespectful, **it is a matter of interpretation.**

The question I have is this: If I was acting in such a threatening and irate manner that security was called by Anita, then why did Anita pat me on my shoulder and sort of apologize to me for calling security for no valid reason? **No one usually apologizes to an individual who is a threat to them.** It makes not sense. I have had little interaction with Anita in the past; only to have something notarized.

### Here is what has happened:

To make this reprimand valid, Brian Thomason has referred to my employee file and has chosen several instances in the past where I was written up for unprofessional conduct. I am Bipolar and has had a few instances where I experienced feelings of depression. This shows a pattern of behavior according to Brian. Brian's referral to my employee file **IS AN ATTEMPT TO DISCREDIT ME AND MAKE ME LOOK LIKE A LOOSE CANNON** even though I was calmer in this recent situation. It is as if this Reprimand is Qualified because of situations that occurred in the past.

If you fully investigate this matter you will see that the security cameras in the break room area will show that Anita came and talked to me and patted me on my shoulder. You would think she would have been afraid to given the fact she called security on me. Her calling security had nothing to do with me, as Anita put it.

I hope you will take all facts into consideration and discard this reprimand. Thanks for your time.

Sincerely,

*Kevin H. Steverson*
Kevin Steverson

# Community Counseling Center

1140 N. Hudson
Oklahoma City, Oklahoma 73103
Telephone (405) 272-0660 (V/TDD)



2-16-04

Mr. Benny Aleman, Jr., Investigator
Texas Workforce Commission, Civil Rights Division
P O Box 13006
Austin, TX 78711-3006

Re: Kevin Steverson
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
9-4-70

To Whom It May Concern:

The above-named consumer has been receiving services here, since 11-20-03. He has a dual Axis I diagnosis of 295.70 Schizoaffective Disorder, Bipolar Type, and 300.3 Obsessive Compulsive Disorder. This disability substantially limits his major life activities and social interactions with others. Due to this type of disability, this client experiences high levels of depression and anxiety. Therefore, I conclude and recommend that Mr. Steverson work only part-time, which consists of 15-20 hours per week. If you have any other questions or concerns, please call me at 405-272-0660.

Thanks,

Colin Chatman, BS CCM
Case Manager/Clinician

Christine Kirkpatrick, LPC
Case Management Supervisor

J. Ghaznavi, MD
Staff Psychiatrist

A private non-profit United Way Agency

NORTH ROCK COMMUNITY PHCY          DUPLICATE
4400 NORTH LINCOLN BLVD             RECEIPT
OKLAHOMA CITY, OK  73105   405/425-0384
Rx: 131100  00              04/29/2004
KEVIN STEVERSON
11100 ROXBORO AVE #1
OKLAHOMA CITY, OK 73165    405/722-3356
Dr BHUPATHIRAJU RAJE MD    RPh:JG-SK
WELLBUTRIN XL TAB 150 MG   405/425-0490         PP: *NC
                           NDC:00173-0730-01    Qty  30
REFILL (02)TIMES AT 30 UNTIL 04/29/2005  NABP: 3723461

                                    Copay    $5.00

North Rock Medication Clinic
4400 N. Lincoln Blvd., OKC 73105  ⋄⋄ Phone: (405) 425-0490

Patient: Kevin Steverson      Date: 4-29
Drug: Seroquel                25 mg
Directions: Take 2 pills at night

Quantity Dispensed: 60
Prescribing Physician: Raju

3402

Social Security Administration

Retirement, Survivors, and Disability Insurance

Notice of Change in Benefits


KEVIN H STEVERSON  
APT 1414  
11100 ROXBORO AVE  
OKLAHOMA CITY OK   73162-2528

Office of Central Operations  
1500 Woodlawn Drive  
Baltimore, Maryland   21241  
Date:  March 7, 2004  
Claim Number:  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HA

*731622528644*


We are writing to give you new information about the disability benefits which you receive on this Social Security record.

Your Benefits

We reduced the monthly benefit beginning August 2002 to correct your benefit amount.

What We Will Pay

　　The next check you receive will be for $981.00, which

　　is the money you are due through March 2004.

　　After that you will receive $981.00 on or about the

　　third of each month.

Do You Think We Are Wrong?

If you disagree with this decision, you have the right to appeal.  We will review your case and consider any new facts you have.  A person who did not make the first decision will decide your case.  We will correct any mistakes.  We will review those parts of the decision which you believe are wrong and will look at any new facts you have.

We may also review those parts which you believe are correct and may make them unfavorable or less favorable to you.

　　You have 60 days to ask for an appeal.

　　The 60 days start the day after you get this letter.  We

# CHARGE OF DISCRIMINATION

| | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 310-2003-06538 |

Texas Commission On Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Kevin H. Steverson | (214) 693-5261 | |

| Street Address | City, State and ZIP Code |
|---|---|
| P. O. Box 550631 Dallas, TX 75355 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Cod |
|---|---|---|
| HILTON RESERVATIONS WORLDWIDE | 500 or More | (972) 770-6100 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2050 Chennault Drive Carrollton, TX 75006 | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN <br> ☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER (Specify below.) | Earliest: 06-30-2003 Latest: 06-30-2003 <br> ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

**I. Personal Harm**

I was issued a disciplinary final warning on June 30, 2003.

**II. Respondent's Reason for Adverse Action**

I was given a written final warning signed by Denise Abrams, Manager of Human Resources, And the President of Operations, stating I had a confrontation with the Corporate Director of Call Center Operations, Carl Pollock, and that my behavior became so disruptive that security Was called.

**III. Discrimination Statement**

I believe I have been discriminated against because of my race (Black), in violation of Title VII Of the Civil Rights Act of 1964, as amended, and because of my disability, in violation of the Americans with Disabilities Act, as amended, and in retaliation for filing a complaint with Human Resources, that I was being harassed by Carl Pollock, Corporate Director of Call Center Operations because of my race (Black)

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT <br> *Kevin H. Steverson* |
| Jul 01, 2003 *Kevin H. Steverson* <br> Date / Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) <br> 7/01/03 |

# Texas Workforce Commission
## Appeal Tribunal

TWC Building
Austin, Texas 78778

OCT 1 5 2003
Date Mailed

**CLAIMANT:**

| | |
|---|---|
| KEVIN STEVERSON<br>PO BOX 550631<br>DALLAS TX 75355-0631 | Appeal No. __517281-1__<br><br>S.S. No. __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__<br><br>I. C. Date __8/3/2003__ |

**Notice:** The attached decision of the Appeal Tribunal will become final unless, within **FOURTEEN (14) DAYS** after the date mailed, further action is taken in accordance with the instructions contained in this decision. The last day on which you may file an appeal is ___OCT 2 9 2003___. This date takes into account any official Texas State or Federal holiday which would extend the appeal time limit.

**Appeal Filed By:** __Employer__  **Date Appeal Filed:** __9/107/2003__

**Date of Hearing:** __See Below__  **Place of Hearing:** __See Below__

**Appearances:**

| Date\Location: | For Claimant: | For Employer: |
|---|---|---|
| 10/8/2003<br>Telephone | Kevin Steverson | Denise Abrams, Human Resources Manager<br>Linda Alexander, Director of Dallas Reservations |
| 10/13/2003<br>Telephone | Kevin Steverson | Denise Abrams, Human Resources Manager<br>Linda Alexander, Director of Dallas Reservations |

**EMPLOYER:**   PI: __X__   NPI: _____   Account No. __06-688413-9__

| |
|---|
| HILTON RESERVATIONS WORLDWIDE LLC<br>THOMAS AND THORNGREN INC<br>PO BOX 280100<br>NASHVILLE TN 37228-0100 |

**A-1 (1200) DATES ARE SHOWN AS MONTH, DAY, & YEAR.**

**CASE HISTORY:** By a determination dated August 27, 2003, the claimant's claim was approved for the payment of benefits without disqualification under Section 207.044 of the Texas Unemployment Compensation Act. The employer appealed.

It was also ruled that any benefits paid to the claimant based on wage credits from this employer will be charged back to the employer's tax account for use in computing the employer's tax rate.

**FINDINGS OF FACT:** Prior to filing an initial claim for unemployment benefits with the effective date of August 3, 2003, the claimant last worked from August 31, 1998, through August 6, 2003, as a senior reservation sales specialist for the named employer, a reservation center.

There was some conflict in the testimony in this case. Following is what I find to be the facts of the case based on what I consider the most plausible testimony of all the testimony presented.

The claimant was discharged from this employment because of a violation of the employer's standard of conduct policy. On June 30, 2003, the claimant was issued a final warning. The claimant was asked to move his car from a reserved area. When the claimant spoke with the an executive regarding the incident, security was called because the executive's subordinate believed the claimant was being disruptive.

On July 1, 2003, the claimant filed a discrimination complaint with the EEOC.

On July 18, 2003, the claimant had a conversation with a director concerning a denial of a promotion and money he believed was owed to him. The director believed the claimant was confrontational because the claimant said he would pray for her to keep her from hell and then went to the director's subordinate to complain further. The claimant denied that he was confrontational with the director but admitted he went to the subordinate to continue his complaint because she was in the Human Resources department.

The final incident occurred on July 25, 2003 when a coworker lodged a sexual harassment complaint and the claimant countered with his own complaint. Both complaints were unfounded but the employer believed the complaint's statement showed that the claimant had followed the coworker to his car, thereby being confrontational. The claimant stated that both he and claimant were both leaving the building at the same time and he had only asked him why he had a problem with him. They had become acquainted when the coworker worked in another employment. On August 6, 2003, the claimant was discharged. The claimant believed his termination was in retaliation for filing his EEOC claim.

The claimant has a bipolar disorder. The employer was aware of this condition.

The employer's policy prohibits conduct which is considered harassing or disruptive. The claimant was aware of this policy. The employer's disciplinary policy provides that any violation after a final warning is issued is grounds for immediate termination. The claimant was also aware of this policy.

**CONCLUSIONS:** Section 207.044 of the Act provides that an individual who was discharged for misconduct connected with the individual's last work is disqualified for benefits until the individual has

returned to employment and worked for six weeks or earned wages equal to six times the individual's benefit amount.

Section 201.012 of the Act defines "misconduct" to mean mismanagement of a position of employment by action or inaction, neglect that jeopardizes the life or property of another, intentional wrongdoing or malfeasance, intentional violation of a law, or violation of a policy or rule adopted to ensure the orderly work and the safety of employees, but does not include an act in response to an unconscionable act of an employer or superior.

The following decision has been adopted as a precedent by the Commission in Section **PR 190.00** of the Appeals Policy and Precedent Manual.

> Appeal No. 21386-AT-65 (Affirmed by 656-CA-65). Testimony under oath is more convincing than unsworn written statements or testimony based on hearsay.

The above precedent case stands for the proposition that sworn testimony is more persuasive than testimony based on hearsay statements.

Where there was conflict in the testimony regarding the July 18, 2003 incident, credence is given to the claimant because he had a legitimate complaint and because the employer did not discharge him at that point. If the claimant had been so disruptive or confrontational in this incident, he would have been discharged.

The claimant was discharged because the employer believed he exhibited disruptive or confrontational behavior in violation of its code of conduct policy. The claimant denied that he had been disruptive or confrontational in the incident that lead to the final warning, the July 18, 2003, and at the final incident. Since the employer only offered hearsay statements regarding the final warning and the last incident, based on the above precedent, the claimant's testimony must prevail. Since there is insufficient evidence to conclude that the claimant was confrontational or disruptive in the final incident, the claimant's actions did not constitute work-connected misconduct within the meaning of the Texas Unemployment Compensation Act. Therefore, the claimant is not disqualified under Section 207.044 of the Act. The determination appealed from will be affirmed.

Section 204.022 of the Act, in part, and in substance, provides, that benefits paid to an individual shall not be charged to an employer's account as chargeback if the employee's last separation from the employer's employment before the employee's benefit year (1) was required by a federal statute; (2) was required by a Texas statute or Texas municipal ordinance; (3) would have disqualified the employee under Section 207.044, 207.045, 207.051, or 207.053 if the employment had been the employee's last work; (4) imposes a disqualification under Section 207.044, 207.045, 207.051, or 207.053; (5) was caused by a medically verifiable illness of the employee or the employee's minor child; (6) was based on a natural disaster that results in a disaster declaration by the president of the United States under the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. Section 5121 et seq.), if the employee would have been entitled to unemployment assistance benefits under Section 410 of that act (42 U.S.C. Section 5177) had the employee not received state unemployment compensation benefits; (7) was caused by a natural disaster, fire, flood, or explosion that causes employees to be separated from one employer's employment; or (8) resulted from the employee's resigning from partial employment to

accept other employment that the employee reasonably believed would increase the employee's weekly wage; and provided further that for the purpose of this section, if an employee's last separation is a separation for which the employee was disqualified under Section 207.048, the employee's last separation is considered to be the next later separation from the employment of that employer.

As the claimant is not disqualified under Section 207.044 of the Act, the employer's account is subject to charge.

**DECISION:** The determination dated August 27, 2003, allowing benefits without disqualification under Section 207.044 of the Act, is affirmed.

The chargeback determination is affirmed. Any benefits paid to the claimant based on wage credits from this employer will be charged back to the employer's account for use in computing the employer's tax rate.

Judith L. Kennison
Hearing Officer

jk3

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Kevin H. Steverson
11100 Roxboro Avenue
Apt. #1414
Oklahoma City, OK 73162

From: Dallas District Office
207 S. Houston St.
3rd Floor
Dallas, TX 75202

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 310-2003-06538 | Jean Williams, Investigator | (214) 253-2877 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosure(s)

*[signature]* Jean Williams, for                4/5/04

Michael C. Fetzer,
Director                                         (Date Mailed)

cc: Denise A. Schermer, Manager
Workforce Planning & Analysis
Hilton Hotels Corporation World Headquarters
9336 Civic Center Drive
Beverly Hills, CA 90210

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 310-2003-07152 |

**Texas Commission On Human Rights** and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Kevin H. Steverson | (214) 693-5261 | |

| Street Address | City, State and ZIP Code |
|---|---|
| P. O. Box 550631 Dallas, TX 75355 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| HILTON RESERVATIONS WORLDWIDE | 500 or More | (972) 770-6100 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2050 Chennault Drive Carrollton, TX 75006 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE ☐ COLOR ☐ SEX ☒ RELIGION ☐ NATIONAL ORIGIN<br>☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER *(Specify below.)* | Earliest: 08-06-2003 Latest: 08-06-2003<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I. **Personal Harm:**

On August 6, 2003, I was discharged.

II. **Respondent's Reason For Adverse Action:**

I was told that I was discharged for excessive disruptive behavior that interferes with the work environment.

III. **Discrimination Statement:**

I believe I have been retaliated against for filing a previous charge (310-2003-06538) and retaliated against for complaining of sexual harassment and discriminated against because of my race, Black and religion in violation of Title VII of the Civil Rights Act of 1964, as amended and because of my disability in violation of the Americans with Disabilities Act of 1990.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>X Kevin D Steverson |
| Aug 06, 2003<br>Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*<br>8-6-03 Becky Shepard |

Yahoo! My Yahoo! Mail

Welcome, kevin_steverson
[Sign Out, My Account]

Search the Web [        ] [Search]
Mail Home - H

$50 FREE Dinner at Applebee's™ $50
When you sign up for an offer. Click for details
YourGiftCards.com

Mail ▼ | Addresses ▼ | Calendar ▼ | Notepad ▼     kevin_steverson@yahoo.com [Sign O

[Check Mail] [Compose] [Search Mail]     Mail Upgrades - Mail Option

| Folders [Add - Edit] |
|---|
| **Inbox (44)** |
| Draft |
| Sent |
| **Bulk (24)** [Empty] |
| Trash [Empty] |

Check Your Credit For Free
$300K mortgage for only $1050/month!
Loan for life's surprises
Today's Refi Mortgage Rates

Previous | Next | Back to Messages     Printable View - Full Heade

[Delete] [Reply ▼] [Forward ▼] [Spam]     [Move... ▼]

This message is not flagged. [ Flag Message - Mark as Unread ]

**Subject:** RE: Potential Client Inquiry from FindLaw
**Date:** Fri, 18 Jun 2004 14:19:58 -0500
**From:** "Mike Bassett" <mbassett@thebassettfirm.com>  Add to Address Book
**To:** kevin_steverson@yahoo.com

```
Mr. Steverson:

We can't help you; however, I would recommend calling Bill Lamoreaux at
(214) 747-2012.

Best of luck.

Mike H. Bassett
The Bassett Firm
WWW.THEBASSETTFIRM.COM
3838 Oak Lawn Avenue
Suite 1600
Dallas, Texas   75219
(214) 219-9900
(214) 219-9456 (fax)
(972) 319-0873 (24 hour pager)

Dictionary is the only place that success comes before work. Hard work
is the price we must pay for success. I think you can accomplish
anything if you're willing to pay the price.
Vince Lombardi


-----Original Message-----
From: kevin_steverson@yahoo.com [mailto:kevin_steverson@yahoo.com]
Sent: Thursday, June 17, 2004 3:37 PM
To: Mike Bassett
Subject: Potential Client Inquiry from FindLaw


This inquiry originated from a search on www.findlaw.com.

Comments:
 Hello,

I am in need of an attorney for a comparative situation,dealing with a
```

**YAHOO! Mall**　　　　　　　　　　　　　Print - Close Window

**Subject:** RE: Potential Client Inquiry from FindLaw
**Date:** Thu, 17 Jun 2004 15:40:17 -0500
**From:** "Stanton, Jim" <jstanton@jstantonlaw.com>
**To:** kevin_steverson@yahoo.com

I am interested in talking to you about your case. I charge an initial consult. I would need all the paperwork you have supports your position. If you are interested in a consult, set up an appointment.

Good Luck.

Jim Stanton
Law Office of James Stanton, L.P.
3811 Turtle Creek Blvd., Suite 770
Dallas, Texas 75219
Telephone: (214) 559-3232
Facsimile: (214) 559-0777
www.jstantonlaw.com

*[Handwritten annotation: He charges $500 for an initial Consult fee. (email cut off rest of message)]*

-----Original Message-----
From: kevin_steverson@yahoo.com [mailto:kevin_steverson@yaho
Sent: Thursday, June 17, 2004 3:29 PM
To: kevin_steverson@yahoo.com
Subject: Potential Client Inquiry from FindLaw


This inquiry originated from a search on www.findlaw.com.

Comments:
 Hello,

I used to work for a Major Hotel Chain (call center) in Dall
was terminated on August 2003. I filed an unemployment clai
I filed a charge with EEOC and my charge was dismissed on Ap
2004. I have until July 4, 2004 to file a charge in Federal
was hoping you could help me since I have a "Prima Facie" ba
my case against my former employer. I was terminated for all